REGAN, Judge.
The plaintiff, Louisiana Plumbing and Heating Company, Inc., filed this suit against the defendant, Frank S. Bruno, endeavoring to recover the sum of $450.15, which it asserts represents the amount owed to it by the defendant for labor and materials furnished for the repair of the plumbing fixtures in the defendant’s apartment building located in 6015 Law Street, in the City of New Orleans.
The defendant answered and denied that he was indebted to the plaintiff. He then explained that on October 18, 1966, it was agreed that the plaintiff would undertake to repair the plumbing in only one of the eight lower apartments contained in the building; however, the plaintiff commenced to work on all eight apartments contrary to their agreement. The defendant finally asserted that the work performed by the plaintiff was of no value to him.
Following a trial on the merits, judgment was rendered in favor of the plaintiff in the amount of $450.15, and from that judgment, the defendant has prosecuted this appeal.
The record discloses that the apartment building is owned by the defendant, and it was extensively damaged in September of 1965, by flood waters created by Hurricane Betsy. Approximately one year later, or on October 18, 1966, the defendant requested an estimate from the plaintiff to perform plumbing work in the apartment building. The plaintiff testified that the defendant asked him to prepare an estimate of the cost for making the necessary repairs. In view of the fact that the property had been under water for quite some time after the hurricane the plaintiff declined to work by estimate and advised the defendant that the only practical manner in which the work could be performed was on a time and material basis, with the exception that the defendant would not be charged for any material supplied by him or salvaged from the damaged building.
The defendant, on the other hand, contends that instead of an agreement to have the plaintiff work on eight apartments in the building, the agreement was that the plaintiff would make repairs to only one *658 apartment in order that the defendant might ascertain thereby what the ultimate cost would be to repair the plumbing in eight apartments. In any event, the defendant insists that the plaintiff exceeded his authority by performing work on and charging him for repairing the plumbing in five of the eight lower apartments.
It is undisputed that the defendant ordered the plaintiff to cease working after approximately three and one-half days. However, to reiterate, he contends that the work stoppage was ordered for the reason that the plaintiff had violated the terms of their oral agreement.
In the course of the trial hereof, the defendant stated that he does not contend that the plaintiff’s charges were excessive, that the alleged working time was not spent on the job, nor that the charges were incorrect. He stipulated that the only question posed for the court’s consideration was whether the litigants entered into a contract to repair eight apartments or whether the contract was limited to effecting repairs on one apartment in order to serve as a guide line for future work.
Consequently, the only question posed for our appellate consideration is the same, and that is whether the plaintiff and defendant entered into a contract for the repair of eight lower apartments or whether the contract was restricted to the repair of one. If it was restricted to one, the question then arises as to whether the defendant is entitled to recover for repairs done on the other apartments on a quantum meruit basis, the defendant insisting that no benefit was derived from the plaintiff’s work.
A thorough analysis of the record leads us to the inevitable conclusion that the lower court was convinced thereby as we are that the parties entered into an agreement for the repair of the plumbing facilities in each of the eight lower apartments.
In view of the fact that we are of the opinion that the parties contracted for the repair of the plumbing in all right lower apartments, there exists no necessity for a discussion of the defendant’s contention with respect to the issue of recovery vel non by the plaintiff predicated on the theory of quantum meruit.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.